DANIEL TANNENBAUM, ESQ.
580 Fifth Avenue, Suite 820
New York, New York 10036
Telephone: (212) 457-1699
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ELIJAH FLEMING, individually, and on
behalf of others similarly situated,

                  *Plaintiff*,                    **COMPLAINT**

          -against-                    **COLLECTIVE ACTION UNDER
                                                               29 U.S.C. § 216(b)**

CARVIO, LLC, and CARVIO, INC.

                 *Defendants.*                      **ECF Case**
--------------------------------------------------------X

       Elijah Fleming ("Plaintiff" or "Plaintiff Fleming"), individually and on behalf of others similarly situated, by and through his attorney DANIEL TANNENBAUM, ESQ., and as against CARVIO, LLC, and CARVIO, INC. ("Defendant Corporations")(collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

      1.     Plaintiff is a former employee of Defendants CARVIO, LLC, and CARVIO, INC.

      2.     Defendants CARVIO, LLC, and CARVIO, INC. own, operate, or control a business located at 810 Los Vallecitos Blvd, Ste. A, San Marcos California 92069.

      3.     Plaintiff Fleming was an employee of Defendants and was employed remotely as a car buyer in Brooklyn, New York.

      4.     At all times relevant to this Complaint, Plaintiff worked for Defendants without appropriate minimum wage and overtime compensation for his hours worked.

      5.     Rather, Defendants failed to maintain accurate record keeping of the hours worked and failed to pay Plaintiff appropriately for hours worked.

6. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff to work without providing the minimum wage and overtime compensation required by federal and state law and regulations.

7. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

8. Plaintiff now brings this action on behalf of himself and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (FLSA), and for violations of the N.Y. Labor Law §190 et seq. and 650 et seq. (the NYLL), overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, §146-1.6 (herein the spread of Hours Wage Order), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district and Plaintiff was employed by Defendants in this district.

11. Plaintiff brings this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (FLSA), and for violations of the N.Y. Labor Law §190 et seq. and 650 et seq. (the NYLL), including applicable liquidated damages, interest, attorneys' fees and costs.

## PARTIES

*Plaintiff*

12. Plaintiff Fleming is an adult individual residing in Kings County, New York.

13. Plaintiff Fleming was employed by Defendants CARVIO, LLC, and CARVIO, INC. from approximately November 8, 2021 until on or about February 5, 2022.

14. Plaintiff's primary work location was in Kings County NY.

15. Plaintiff consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b) and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants own, operate, or control a car business located at 810 Los Vallecitos Blvd, Ste. A, San Marcos California 92069.

17. Upon information and belief, CARVIO, LLC is a foreign corporation existing under the laws of the State of California.

18. Upon information and belief, CARVIO, INC. is a foreign corporation existing under the laws of the State of Delaware.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

19. Defendants operate a national car buying business.

20. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

21. Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

22. In the alternative, Defendants constitute a single employer of Plaintiff.

23. At all relevant times, Defendants were Plaintiff's employer within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff

controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff's services.

24. Upon information and belief, in each year from 2016 to 2022, Defendants had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

25. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce.

*Plaintiff Elijah Fleming*

26. Plaintiff Fleming was employed by Defendants from approximately November 8, 2021 until on or about February 5, 2022.

27. Defendants employed Plaintiff Fleming as a car buyer.

28. From approximately November 8, 2021 until on or about February 5, Plaintiff Fleming's schedule was approximately Monday through Friday 8:00am-4:00pm 9:00am-5:00pm or 10:00am-6:00pm.

29. Plaintiff also worked one additional 8 hour shift on or about one Saturday in December 2021.

30. Throughout his employment, Defendants paid Plaintiff Fleming his wages by direct deposit.

31. Defendants paid Mr. Fleming at differing biweekly flat rates of pay not exceeding the minimum wage for hours worked.

32. For example for the period of December 12, 2021 to December 25, 2021 Defendants paid Mr. Fleming a flat rate of $990 for 80 hours worked and for the period of January 9, 2022 to January 22, 2022 Defendants paid Mr. Fleming a flat rate of $590 for 80 hours worked.

33. Defendants did not provide Plaintiff Fleming an accurate statement of wages, as required by NYLL 195(3).

34. Defendants did not give notice to Plaintiff Fleming in English, of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

35. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff (and all similarly situated employees) to work without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

36. Plaintiff was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages owed for the hours worked.

37. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete payroll records.

38. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for his full hours worked.

39. Defendants engaged in his unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

40. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff (and all similarly situated employees).

41. Defendants failed to provide Plaintiff with accurate wage statements at the time of his payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

## FLSA COLLECTIVE ACTION CLAIMS

42. Plaintiff brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

43. At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing to pay them the required minimum wage, and overtime pay for work in excess of forty (40) hours per workweek under the FLSA.

44. The claims of Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

45. Plaintiff Fleming repeats and realleges all paragraphs above as though fully set forth herein.

46. At all times relevant to this action, Defendants were Plaintiff Fleming's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Fleming (and the FLSA Class Members), controlled the

terms and conditions of his employment, and determined the rate and method of any compensation in exchange for their employment.

47. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

48. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

49. Defendants failed to pay Plaintiff Fleming (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

50. Defendants' failure to pay Plaintiff Fleming (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

51. Plaintiff Fleming (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

52. Plaintiff Fleming repeats and realleges all paragraphs above as though fully set forth herein.

53. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Fleming (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

54. Defendants' failure to pay Plaintiff Fleming (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

55. Plaintiff Fleming (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK STATE MINIMUM WAGE ACT

56. Plaintiff Fleming repeats and realleges all paragraphs above as though fully set forth herein.

57. At all times relevant to this action, Defendants were Plaintiff Fleming's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Fleming, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

58. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Fleming less than the minimum wage.

59. Defendants' failure to pay Plaintiff Fleming the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

60. Plaintiff Fleming was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

61. Plaintiff Fleming repeats and realleges all paragraphs above as though fully set forth herein.

62. Defendants, in violation of N.Y. Lab. Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Fleming overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

63. Defendants' failure to pay Plaintiff Fleming overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

64. Plaintiff Fleming was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

65. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66. Defendants failed to provide Plaintiff with a written notice, in English (or Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

67. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

68. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

69. With each payment of wages, Defendants failed to provide Plaintiff with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or

rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

70. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiff in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(a) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff and the FLSA Class members;

(b) Awarding Plaintiff and the FLSA Class members damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(c) Awarding Plaintiff and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. §216(b);

(d) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(e) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages and any deductions or credits taken against wages;

(f) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff;

(g) Awarding Plaintiff damages for the amount of unpaid minimum wage, and overtime compensation, under the NYLL as applicable;

(h) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §198(1-b), 198(1-d);

(i) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, shown to be owed pursuant to NYLL §663 as applicable; and liquidated damages pursuant to NYLL §198(3);

(j) Awarding Plaintiff and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(k) Awarding Plaintiff and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(l) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

    (m)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
July 20, 2022

By: /s Daniel Tannenbaum
DANIEL TANNENBAUM, ESQ.
580 Fifth Avenue, Suite 820
New York, New York 10036
Telephone: (212) 457-1699
*Attorney for Plaintiff*

# Daniel Tannenbaum, Esq.

580 Fifth Avenue, Suite 520
New York, New York 10036
Telephone: (212) 457-1699

May 27, 2022

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          Elijah Alexander Fleming

                        *Elijah A Fleming* (signature)

Legal Representative / Abogado:   Daniel Tannenbaum, Esq.

Signature / Firma:

Date / Fecha:           May 27, 2022